IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JASON R. GIBSON | § | |
| | § | |
| v. | § | Case No. 2:13-CV-994- JRG-RSP |
| | § | |
| TACO BELL OF AMERICA LLC | § | |

## MEMORANDUM ORDER

Before the Court are Defendant Taco Bell of America LLC's ("Taco Bell") Motions to Transfer Venue to the Sherman Division of the Eastern District of Texas (Dkt. No. 6, filed December 20, 2013) and for Hearing on the Motion to Transfer (Dkt. No. 8, filed January 3, 2014). Taco Bell argues that the Sherman Division of the Eastern District of Texas is a clearly more convenient forum for this case. Plaintiff Jason Gibson opposes transfer. After considering all of the record evidence and weighing the various factors, the Court finds that the Sherman Division of the Eastern District of Texas is a clearly more convenient venue.

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of

compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.*

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 315. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15

## DISCUSSION

### A. Proper Venue for the Case

There is no dispute that venue is proper in the Eastern District of Texas. Because the applicable venue statute does not distinguish between the divisions of a judicial district, venue properly lies in any division of the Eastern District of Texas.

### B. Transfer Factors

The court has considered the cost of attendance for willing witnesses, the relative ease of access to sources of proof, the availability of compulsory process to secure the attendance of witnesses, and all other practical problems that make trial of a case easy, expeditious, and inexpensive. Further, the court has considered local interest in having localized interests decided at home, the familiarity of the forum with the law that will govern the case, administrative difficulties flowing from court congestion, and avoidance of unnecessary problems of conflict of

laws or in the application of foreign law.  Based on the above factors, the Court finds that Taco Bell has met their burden of showing that the Sherman Division of the Eastern District of Texas is a clearly more convenient venue for this case.

## CONCLUSION

After considering all of the relevant evidence and factors, the Court finds that the Sherman Division of the Eastern District of Texas is a clearly more convenient venue for this case.  Accordingly, the Motion for Hearing (Dkt. No. 8) is **DENIED**, the Motion to Transfer (Dkt. No. 6) is **GRANTED**, and it is **ORDERED** that this case be transferred to the Sherman Division of the Eastern District of Texas.

**SIGNED this 1st day of August, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE